IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BAHA EDDIN AL MOMANI,
#S14377,
Plaintiff,

v.                                              No. 3:17-cv-01034-DRH

KIMBERLY BUTLER,
ENGELAGE,
MRS. CREASON, and
PLACEMENT OFFICE,
Defendants.

# MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Baha Al Momani, an inmate who is currently incarcerated in Western Illinois Correctional Center, filed a civil rights action against officials at Menard Correctional Center ("Menard") pursuant to 42 U.S.C. § 1983. (Doc. 12). Plaintiff alleges that he was violently attacked and seriously injured by his cellmate, after he repeatedly requested and was denied a cell transfer by Menard officials in 2015. (Doc. 12, pp. 1-39). He now brings this suit against the officials who denied his requests for a transfer before and after the attack, including Kimberly Butler (warden), Engelage (officer), Mrs. Creason (mental health

counselor), and Menard's Placement Office. *Id*. Plaintiff seeks monetary damages and injunctive relief against the defendants.[1] (Doc. 12, p. 6).

The First Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the

---

[1] Plaintiff's request for injunctive relief is **DENIED** without prejudice. He does not indicate what type of injunctive relief he seeks, and he is no longer housed at the prison where all of the events giving rise to this action occurred. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Menard under the conditions described in the amended complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The amended complaint survives screening under this standard.

### **First Amended Complaint**

On September 17, 2015, Plaintiff was brutally attacked by his cellmate at Menard. (Doc. 12, p. 23.) The attack occurred in Cell 754 of Menard's North 2 Cell House between 12:00-12:50 a.m. (Doc. 12, pp. 13, 23). Although he offers no details regarding the actual attack, Plaintiff alleges that he sustained serious and life-threatening injuries as a result of it, including head trauma, broken teeth, and fractures to his skull, eye socket, and cheek bone. (Doc. 12, pp. 14, 23).

Plaintiff was initially taken to Memorial Hospital in Chester, Illinois, for treatment. (Doc. 12, p. 23). He was then transferred to Barnes-Jewish Hospital in St. Louis, Missouri, for zygomatic surgery. (Doc. 12, pp. 23-24). Platinum plates and screws were placed along his zygomatic bone and arch. (Doc. 12, p. 24). He spent more than a month recovering in the prison's health care unit following surgery. *Id.* However, Plaintiff still suffers from lasting injuries that include chronic migraines, left cheek numbness, post-traumatic stress disorder, paranoia, and anxiety attacks.[2] (Doc. 12, pp. 15, 24).

Plaintiff alleges that the attack was avoidable. (Doc. 12, p. 10). On September 1, 2015, Plaintiff informed Officer Engelage that his cellmate, Marcos Bailey, threatened to beat him up. *Id.* Plaintiff told the officer that Inmate Bailey

---

[2] He asserts no claim against the defendants for denying him medical care following the attack.

had a much higher aggression level and continued bullying him even after making the threat. *Id*. He expressed fear for his safety and requested a cell transfer. *Id*.

Officer Engelage instructed Plaintiff to write him a kite. (Doc. 12, p. 10). Plaintiff did so. *Id*. In it, he identified the names of several other inmates who were aware of the situation. *Id*. He received no response. (Doc. 12, p. 11). A week later, Plaintiff stopped Officer Engelage and asked him about the status of his request for a cell transfer. (Doc. 12, p. 11). Plaintiff again expressed fear for his life. *Id*. Officer Engelage told Plaintiff that he lost the original kite and asked him to submit another one. *Id*. Plaintiff immediately did so, and the officer said that he would "see what he can do." *Id*. Still fearing for his life, Plaintiff wrote a direct request for a cell transfer to Menard's Placement Office. (Doc. 12, p. 11). He challenged the original decision to place him in a cell with a highly aggressive cellmate who had a known history of inmate and staff assaults. *Id*. Plaintiff also sent a kite to Counselor Creason, a mental health professional at the prison. (Doc. 12, p. 11). Around the same time, several other inmates asked Counselor Creason to transfer Plaintiff into a cell with one of them. *Id*. The counselor allegedly took no action to help Plaintiff "until the fight occur[r]ed" on September 17, 2015. (Doc. 12, pp. 11-12, 37).

Following the attack, Plaintiff was transferred into segregation for thirty days. (Doc. 12, p. 12). However, the Placement Office moved him into Cell 916 in the East Cell House next to Inmate Bailey's cousin in Cell 915 and near Inmate Bailey in Cell 521. *Id*. Plaintiff and Inmate Bailey encountered one another in the

prison yard during outdoor recreation. *Id*. Plaintiff complained about the dangerous housing arrangement to Officer Reese, who advised him to ask Lieutenant Sumolak[3] for a transfer. (Doc. 12, p. 13). Plaintiff did so, but received no help for at least three weeks. *Id*. During this same general time period, Plaintiff also wrote one or more emergency grievances to Warden Butler seeking a prison transfer, but she denied the grievance(s). (Doc. 12, pp. 23-24, 34).

On February 7, 2017, Plaintiff was sent to segregation for three days and then transferred to the South Uppers. (Doc. 12, p 13). When he next encountered Officer Engelage, Plaintiff asked him if he remembered Plaintiff's original request for a cell transfer. *Id*. The officer remembered. *Id*. When Plaintiff explained that his injuries could have been avoided if the officer agreed to transfer him in early September 2015, Officer Engelage said, "if the S[e]argent don't wanna to move you there's nothing I can do." *Id*.

## **Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* First Amended Complaint into the following count:

---

[3] Plaintiff did not name Officer Reese or Lieutenant Sumolak as defendants in the First Amended Complaint, and all claims against these individuals are considered dismissed without prejudice from this action. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

**Count 1** - Eighth Amendment claim against Warden Butler, Officer Engelage, Counselor Creason, and Placement Office for failing to protect Plaintiff from an assault by his cellmate on or around September 17, 2015, and thereafter.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding the merits of this claim. **Any claims not identified above but contemplated in the First Amended Complaint are considered dismissed without prejudice from this action.**

### Count 1

Prison officials have a duty to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). A claim for failing to protect an inmate consists of an objective and a subjective component. *Farmer*, 511 U.S. at 834; *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). To satisfy the objective component, the plaintiff must show that he was "incarcerated under conditions posing a substantial risk of serious harm" to the plaintiff. *Farmer*, 511 U.S. at 834. To satisfy the subjective component, the plaintiff must demonstrate that each defendant acted with deliberate indifference to his health or safety. *Id.* at 834. The First Amended Complaint includes sufficient allegations to state a claim against each of the defendants at screening under this standard.

With that said, Plaintiff cannot proceed with a claim against the "Placement Office" because this defendant is not a person who is subject to suit under § 1983. Instead, the Court will direct the Clerk to substitute "Unknown Placement Officer"

in place of the "Placement Office." This defendant must be identified with particularity before service of the First Amended Complaint can be made on him or her.

Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez*, 577 F.3d at 832. In this case, Warden Jacqueline Lashbrook (*i.e.*, the current Warden of Menard Correctional Center) will be added as a defendant, in her official capacity only. She shall be responsible for responding to discovery aimed at identifying the unknown defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of Defendant Unknown Placement Officer is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the First Amended Complaint.

### Pending Motions

1. **Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 5)**

   Plaintiff's IFP Motion will be addressed in a separate court order.

2. **Motion for Recruitment of Counsel (Doc. 8)**

   Plaintiff's Motion for Recruitment of Counsel shall be **REFERRED** to a United States Magistrate Judge for a decision.

### Disposition

The Clerk is directed to **SUBSTITUTE** the **UNKNOWN PLACEMENT**

**OFFICER** in place of the **PLACEMENT OFFICE** as a defendant in CM/ECF. The Clerk is also directed to **ADD** Warden **JACQUELINE LASHBROOK (official capacity only)** as a defendant in CM/ECF for the sole purpose of responding to discovery aimed at identifying the unknown defendant.

**IT IS ORDERED** that Plaintiff's request for injunctive relief is **DENIED** without prejudice for the reasons set forth in this order (*See* Footnote 1).

**IT IS FURTHER ORDERED** that **COUNT 1** survives preliminary review and will proceed against Defendants **KIMBERLY BUTLER, OFFICER ENGELAGE, MRS. CREASON,** and **UNKNOWN PLACEMENT OFFICER (once identified)**. With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **BUTLER, ENGELAGE, CREASON, UNKNOWN PLACEMENT OFFICER (once identified),** and **LASHBROOK (official capacity only):** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 12), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work

address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant **UNKNOWN PLACEMENT OFFICER** until such time as Plaintiff has identified this defendant by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on the pending Motion for Recruitment of Counsel (Doc. 8) and a plan for discovery aimed at identifying the unknown defendant with particularity. Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be

required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
Signed this 2nd day of November, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.11.02 13:50:15 -05'00'

**UNITED STATES DISTRICT JUDGE**